*170 Opinion of the Court, by
Cn. J. Boyle.
WE are of opinion that, the circuit court erred In this case, in instructing the jury, that if they believed the testimony, they must find for the defendants.
Such instructions might, no doubt, be proper in some cases; as where the plaintiff alone had given evidence, and that evidence conduced in no degree to the establishment of some fact or facts essential to his right of recovery, the defendant might well ask, and the court with propriety give instructions to the jury, to find for the defendant.
So, where the plaintiff has produced evidence conducing to the establishment of every fact material to his right of recovery, and the. defendant has, on his part, adduced evidence of facts sufficient in law to avoid the plaintiff’s right, if such evidence on the part of the defendant consists exclusively of matters of record, or of writing, the court, as it is the proper judge of the legal effect of such evidence, may, with propriety, instruct the jury to find for the defendant.
But, in this .case, before the instruction in question was given, the plaintiff had not only adduced evidence conducing to establish the facts; which, if unavoided by other facts, would have been sufficient to entitle him to recover; but the defendants had, in avoidance of the plaintiff’s right, given evidence, consisting not exclusively of matters of record or of writing, but of the oral testimony of witnesses also; and the oral testimony was not less essential to every point of defence relied on by the defendants, than was the written or record evidence, not only because it directly proved some facts material to those .points, but because, by the proof of those facts, it conduced to the proof of others, equally material, which might be interred from them. Of the facts which such evidence conduces to prove, the jury are" the only proper judges; and it is not competent for the court to assume the existence of the facts from the evidence, and to predicate instructions of law upon such assumption.
Hence it is, that a demurrer to evidence, by the defendant in such a case, is inadmissible, as has been of *171 ten ruled by this court; and if a demurrer be inad» missible in such, a case, a motion to instruct, predicated upon the evidence, and not upon the facts which the evidence conduces to.prove, being in effect and princi-pie the same as a demurrer,, must be equally improper and inadmissible.
Skarp, attorn.qy-general, for. plaintiff; Crittenden, for defendants. .
The judgment must be reversed with costs, and the cause be remanded, for a new, trial.to be had, not inconsistent herewith.